FILED
NOV 29 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| Kareemah Yasmina Bell-Boston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 12 1931 |
| Thomas P. Reynolds, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a District of Columbia resident, sues presumably the United States Capitol Police for her alleged arrest in January 2012 at the Longworth House Office Building on Capitol Hill in the District. Plaintiff alleges that officers asked her several questions and then "informed [her] that a male accused [her] of assaulting him and [] wanted to press charges." Compl. at 2. Plaintiff alleges that the officers "had my left arm changed [sic] to a white wall, informed me that I looked suspicious, and wanted me to sit with them so they could monitor my thoughts." *Id*. at 4. Allegedly, after sitting "for several hours," plaintiff was released after the officers ran her social security number and "didn't find a criminal history." *Id*. Plaintiff then digresses into prior events that seem wholly unrelated to the instant complaint.

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff has not demanded any relief, and the complaint is devoid of any facts establishing plaintiff's entitlement to relief. Hence, this case will be dismissed for failure to state a claim upon which relief can be granted. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: November 19, 2012